**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| Advantage Healthplan Inc., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) |
| | ) |
| | )     Case No. 08-0718-CKK |
| Pillsbury Winthrop Shaw Pittman LLP, | ) |
| and Patrick J. Potter, Solely in His | ) |
| Capacity as Former Plan Agent, | ) |
| | ) |
| Appellees. | ) |

_____)

## APPELLEES' MOTION TO DISMISS APPEAL AS MOOT

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, solely in his

Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit

this Motion to Dismiss Appeal as Moot.

### Facts

In December 2007, Pillsbury and the "Plan Committee" entered into a certain "Settlement

Agreement."[1]

In February 2008, Pillsbury requested that the bankruptcy court determine that the Plan

Committee breached the Settlement Agreement.

---

[1]    The Settlement Agreement is the subject of an appeal taken by Advantage in Case No.
08-166 pending before this Court (the "First Appeal"), which has been completely briefed. The
outcome of the instant appeal - - whether it be by affirmance, reversal or dismissal - - will have
no impact on the First Appeal.

On February 26, 2008, the bankruptcy court entered an order (the "Breach Order") finding that the Plan Committee had in fact breached the Settlement Agreement. Advantage, a member of the Plan Committee, appealed the Breach Order (the "Second Appeal").

On May 30, 2008, Pillsbury unconditionally waived the Plan Committee's breaches and any damages related thereto.

The only ruling of the bankruptcy court in the Breach Order identified by Advantage as non-moot is the Breach Order's ruling that the Plan Committee breached the Settlement Agreement. Pillsbury has unconditionally waived such breach, and any damages associated therewith. Accordingly, there is no injury (if there ever was) capable of being addressed by reversal of the Breach Order; there is no longer an actual case or controversy (if there ever was); and the Second Appeal is Constitutionally moot. For the reasons set forth in the accompanying Memorandum, the Court, lacking jurisdiction, should dismiss the Second Appeal.

This appeal is also equitably moot. For the reasons set forth in the accompanying Memorandum, if the Court does not find that this appeal is Constitutionally moot, the Court should find that it is equitably moot.

Wherefore, for the foregoing reasons, the Court should dismiss this appeal as moot.

Dated:  June 6, 2008                             Respectfully Submitted,

                                                 /s/ Patrick Potter
                                                 Patrick Potter (426514)
                                                 Jerry Hall (976461)
                                                 Pillsbury Winthrop Shaw Pittman LLP
                                                 2300 N Street, NW
                                                 Washington, DC 20037
                                                 (202) 663-8000
                                                 Counsel to Pillsbury

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
Advantage Healthplan Inc.,                  )
                                            )
                          Appellant,        )
                                            )
vs.                                         )
                                            )
                                            )     Case No. 08-0718-CKK
Pillsbury Winthrop Shaw Pittman LLP,        )
and Patrick J. Potter, Solely in His        )
Capacity as Former Plan Agent,              )
                                            )
                          Appellees.        )
_____)

### APPELLEES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS APPEAL AS MOOT

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, solely in his

Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit

this Memorandum of Points and Authorities in Support of Their Motion to Dismiss Appeal as

Moot.

### Facts

In December 2007, Pillsbury and the "Plan Committee" entered into a certain "Settlement

Agreement."[1]

In February 2008, Pillsbury requested that the bankruptcy court determine that the Plan

Committee breached the Settlement Agreement.

_____

[1]     The Settlement Agreement is the subject of an appeal taken by Advantage in Case No. 08-166 pending before this Court (the "First Appeal"), which has been completely briefed.  The outcome of the instant appeal - - whether it be by affirmance, reversal or dismissal - - will have no impact on the First Appeal.

On February 26, 2008, the bankruptcy court entered an order (the "Breach Order") finding that the Plan Committee had in fact breached the Settlement Agreement.  <u>See</u> **<u>Exhibit 1</u>**. Advantage, a member of the Plan Committee, appealed the Breach Order (the "Second Appeal").

On May 30, 2008, Pillsbury unconditionally waived the Plan Committee's breaches and any damages related thereto.  <u>See</u> **<u>Exhibit 2</u>**.

## <u>Argument</u>

Advantage addresses the mooting of the Breach Order in its opening brief.  <u>See</u> pp. 20-21.  According to Advantage, the Breach Order is comprised of two rulings:  (1) that the Plan Committee failed to defend the First Appeal (the "First Ruling") and (2) that the Plan Committee breached the Settlement Agreement (the "Second Ruling").  <u>Id</u>.

Advantage argues that the Breach Order's First Ruling was moot even before Advantage took its appeal.  <u>Id</u>. (the issue "became moot at the hearing on February 15, 2008").

Advantage argues that the Breach Order's Second Ruling – <u>i.e.</u>, that the Plan Committee breached the Settlement Agreement – could become moot if the Court reverses in the First Appeal.[2]  Plainly, absent a settlement agreement, there is no breach of it; and, absent a breach or any damages, there is no alleged injury for the Court to remedy; and, therefore, nothing for this Court to review:  hence the potential mootness of this appeal to which Advantage refers.

Pillsbury's unconditional waiver of the breaches under the Breach Order and any damages relating thereto accomplished the very same result - - no breach and no damages. Consequently, there is no injury (assuming there ever was) for the Court to remedy, and

---

[2]    Of course, the final "Ordered" paragraph of the Breach Order reinforces that point.  See Exhibit 1 ("ORDERED, that this Order shall be without further effect in the event the Settlement Agreement is set aside by a final, nonappealable order.").

therefore nothing for this Court to review. As such, this Appeal should be immediately dismissed.

### 1.        The Current Appeal Is Constitutionally Moot

Federal courts lack jurisdiction to hear moot claims. <u>See</u> <u>e.g.</u> <u>Chamber of Commerce v. U.S. Dep't of Energy</u>, 627 F.2d 289, 290 (D.C. Cir. 1980) (Article III of the Constitution requires the existence of a case or controversy as a prerequisite for the exercise of federal judicial power); <u>Feldman v. Bomar</u>, 518 F.3d 637, 642 (9th Cir. 2008) ("we lack jurisdiction to hear moot claims"). Advantage agrees. <u>See</u> 20 Opening Brief in Second Appeal, citing <u>Walker v. Grigsby</u>, 2006 U.S. Dist. LEXIS 94888, *5 (D. Md. 2006) (bankruptcy appeal may be dismissed if constitutionally moot – "a case or controversy no longer exists within the meaning of Article III."). Furthermore, Advantage acknowledges its burden of showing to this Court "that it has suffered an actual injury capable of being addressed by a favorable decision." <u>See</u> 20 Opening Brief in Second Appeal.[3] Otherwise, dismissal is warranted for mootness and lack of jurisdiction.

The only ruling of the bankruptcy court identified as non-moot by Advantage is the Breach Order's Second Ruling – that the Plan Committee breached the Settlement Agreement. Pillsbury has unconditionally waived such breach, and any damages associated therewith. Accordingly, there is no injury (if there ever was) capable of being addressed by reversal of the Breach Order; there is no longer an actual case or controversy (if there ever was); and the Second Appeal is moot. The Court, lacking jurisdiction, should dismiss the Second Appeal.

---

[3]        Advantage has never described how it is injured by virtue of the bankruptcy court's ruling that the Plan Committee, not Advantage, breached the Settlement Agreement. Regardless, any theoretical injury no longer exists given Pillsbury's unconditional waiver of the judicially-determined breach and all associated damages.

2.      **Alternatively, The Current Appeal Is Equitably Moot**

"In some circumstances, a controversy, not actually moot, is so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant."  Chamber of Commerce, at 291-92.  See also Walker, at *5 (bankruptcy appeal may be dismissed if the case becomes equitably moot).

> At root, "[t]he doctrine of equitable mootness represents a pragmatic recognition by courts that reviewing a judgment may, after time has passed and the judgment has been implemented, prove 'impractical, imprudent, and therefore inequitable.'" *In re US Airways Group, Inc., 369 F.3d 806, 809 (4th Cir. 2004)* (quoting *Mac Panel Co. v. Virginia Panel Corp., 283 F.3d 622, 625 (4th Cir. 2002)).*
>
> Id. at *8

For the same reason that Pillsbury submits this appeal is Constitutionally moot, Pillsbury submits that this appeal is equitably moot.[4]  Given that Pillsbury has waived the Breach Ruling in the Breach Order and any damages as a result thereof, reviewing the Breach Order is "impractical, imprudent and inequitable."  The purpose of appellate review would have been to determine whether the Breach Ruling was appropriate, and to affirm or reverse.  Such review is no longer practical because the Breach Ruling is waived.  As such, assuming the Court does not find the Second Appeal Constitutionally moot, the Court should find the Second Appeal equitably moot.

---

[4]      Pillsbury's waiver of the Plan Committee's breach and damages is akin to settlement of any dispute between Pillsbury and the Plan Committee over whether the Plan Committee breached the Settlement Agreement.  "Generally a settlement of a dispute between two parties renders moot any case between them growing out of that dispute."  See ITT Ryonier, Inc. v. U.S., 651 F.2d 343 (5th Cir. 1981).

Wherefore, for the foregoing reasons, the Court should dismiss this appeal as moot.


Dated:  June 6, 2008                    Respectfully Submitted,

                                        /s/ Patrick Potter
                                        Patrick Potter (426514)
                                        Jerry Hall (976461)
                                        Pillsbury Winthrop Shaw Pittman LLP
                                        2300 N Street, NW
                                        Washington, DC 20037
                                        (202) 663-8000
                                        Counsel to Pillsbury