UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Advantage Healthplan Inc., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 08-0718-CKK |
| Pillsbury Winthrop Shaw Pittman LLP, ) | |
| and Patrick J. Potter, Solely in His ) | |
| Capacity as Former Plan Agent, ) | |
| ) | |
| Appellees. ) | |

**APPELLEES' MOTION TO DISMISS APPEAL AS MOOT**

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, solely in his Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit this Motion to Dismiss Appeal as Moot.

**Facts**

In December 2007, Pillsbury and the "Plan Committee" entered into a certain "Settlement Agreement."[1]

In February 2008, Pillsbury requested that the bankruptcy court determine that the Plan Committee breached the Settlement Agreement.

---

[1] The Settlement Agreement is the subject of an appeal taken by Advantage in Case No. 08-166 pending before this Court (the "First Appeal"), which has been completely briefed. The outcome of the instant appeal - - whether it be by affirmance, reversal or dismissal - - will have no impact on the First Appeal.

On February 26, 2008, the bankruptcy court entered an order (the "Breach Order") finding that the Plan Committee had in fact breached the Settlement Agreement. Advantage, a member of the Plan Committee, appealed the Breach Order (the "Second Appeal").

On May 30, 2008, Pillsbury unconditionally waived the Plan Committee's breaches and any damages related thereto.

The only ruling of the bankruptcy court in the Breach Order identified by Advantage as non-moot is the Breach Order's ruling that the Plan Committee breached the Settlement Agreement. Pillsbury has unconditionally waived such breach, and any damages associated therewith. Accordingly, there is no injury (if there ever was) capable of being addressed by reversal of the Breach Order; there is no longer an actual case or controversy (if there ever was); and the Second Appeal is Constitutionally moot. For the reasons set forth in the accompanying Memorandum, the Court, lacking jurisdiction, should dismiss the Second Appeal.

This appeal is also equitably moot. For the reasons set forth in the accompanying Memorandum, if the Court does not find that this appeal is Constitutionally moot, the Court should find that it is equitably moot.

Wherefore, for the foregoing reasons, the Court should dismiss this appeal as moot.


Dated: June 6, 2008                           Respectfully Submitted,

                                              /s/ Patrick Potter
                                              Patrick Potter (426514)
                                              Jerry Hall (976461)
                                              Pillsbury Winthrop Shaw Pittman LLP
                                              2300 N Street, NW
                                              Washington, DC 20037
                                              (202) 663-8000
                                              Counsel to Pillsbury

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Advantage Healthplan Inc., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | Case No. 08-0718-CKK |
| Pillsbury Winthrop Shaw Pittman LLP, ) | |
| and Patrick J. Potter, Solely in His ) | |
| Capacity as Former Plan Agent, ) | |
| ) | |
| Appellees. ) | |

**APPELLEES' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THEIR MOTION TO DISMISS APPEAL AS MOOT**

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, solely in his Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit this Memorandum of Points and Authorities in Support of Their Motion to Dismiss Appeal as Moot.

**Facts**

In December 2007, Pillsbury and the "Plan Committee" entered into a certain "Settlement Agreement."[1]

In February 2008, Pillsbury requested that the bankruptcy court determine that the Plan Committee breached the Settlement Agreement.

---

[1] The Settlement Agreement is the subject of an appeal taken by Advantage in Case No. 08-166 pending before this Court (the "First Appeal"), which has been completely briefed. The outcome of the instant appeal - - whether it be by affirmance, reversal or dismissal - - will have no impact on the First Appeal.

On February 26, 2008, the bankruptcy court entered an order (the "Breach Order") finding that the Plan Committee had in fact breached the Settlement Agreement. See **Exhibit 1**. Advantage, a member of the Plan Committee, appealed the Breach Order (the "Second Appeal").

On May 30, 2008, Pillsbury unconditionally waived the Plan Committee's breaches and any damages related thereto. See **Exhibit 2**.

## Argument

Advantage addresses the mooting of the Breach Order in its opening brief. See pp. 20-21. According to Advantage, the Breach Order is comprised of two rulings: (1) that the Plan Committee failed to defend the First Appeal (the "First Ruling") and (2) that the Plan Committee breached the Settlement Agreement (the "Second Ruling"). Id.

Advantage argues that the Breach Order's First Ruling was moot even before Advantage took its appeal. Id. (the issue "became moot at the hearing on February 15, 2008").

Advantage argues that the Breach Order's Second Ruling – i.e., that the Plan Committee breached the Settlement Agreement – could become moot if the Court reverses in the First Appeal.[2] Plainly, absent a settlement agreement, there is no breach of it; and, absent a breach or any damages, there is no alleged injury for the Court to remedy; and, therefore, nothing for this Court to review: hence the potential mootness of this appeal to which Advantage refers.

Pillsbury's unconditional waiver of the breaches under the Breach Order and any damages relating thereto accomplished the very same result - - no breach and no damages. Consequently, there is no injury (assuming there ever was) for the Court to remedy, and

---

[2] Of course, the final "Ordered" paragraph of the Breach Order reinforces that point. See Exhibit 1 ("ORDERED, that this Order shall be without further effect in the event the Settlement Agreement is set aside by a final, nonappealable order.").

2

therefore nothing for this Court to review. As such, this Appeal should be immediately dismissed.

### 1. The Current Appeal Is Constitutionally Moot

Federal courts lack jurisdiction to hear moot claims. See e.g. Chamber of Commerce v. U.S. Dep't of Energy, 627 F.2d 289, 290 (D.C. Cir. 1980) (Article III of the Constitution requires the existence of a case or controversy as a prerequisite for the exercise of federal judicial power); Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008) ("we lack jurisdiction to hear moot claims"). Advantage agrees. See 20 Opening Brief in Second Appeal, citing Walker v. Grigsby, 2006 U.S. Dist. LEXIS 94888, *5 (D. Md. 2006) (bankruptcy appeal may be dismissed if constitutionally moot – "a case or controversy no longer exists within the meaning of Article III."). Furthermore, Advantage acknowledges its burden of showing to this Court "that it has suffered an actual injury capable of being addressed by a favorable decision." See 20 Opening Brief in Second Appeal.[3] Otherwise, dismissal is warranted for mootness and lack of jurisdiction.

The only ruling of the bankruptcy court identified as non-moot by Advantage is the Breach Order's Second Ruling – that the Plan Committee breached the Settlement Agreement. Pillsbury has unconditionally waived such breach, and any damages associated therewith. Accordingly, there is no injury (if there ever was) capable of being addressed by reversal of the Breach Order; there is no longer an actual case or controversy (if there ever was); and the Second Appeal is moot. The Court, lacking jurisdiction, should dismiss the Second Appeal.

---

[3] Advantage has never described how it is injured by virtue of the bankruptcy court's ruling that the Plan Committee, not Advantage, breached the Settlement Agreement. Regardless, any theoretical injury no longer exists given Pillsbury's unconditional waiver of the judicially-determined breach and all associated damages.

### 2. Alternatively, The Current Appeal Is Equitably Moot

"In some circumstances, a controversy, not actually moot, is so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant." Chamber of Commerce, at 291-92. See also Walker, at *5 (bankruptcy appeal may be dismissed if the case becomes equitably moot).

> At root, "[t]he doctrine of equitable mootness represents a pragmatic recognition by courts that reviewing a judgment may, after time has passed and the judgment has been implemented, prove 'impractical, imprudent, and therefore inequitable.'" *In re US Airways Group, Inc.*, 369 F.3d 806, 809 (4th Cir. 2004) (quoting *Mac Panel Co. v. Virginia Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002)).

Id. at *8

For the same reason that Pillsbury submits this appeal is Constitutionally moot, Pillsbury submits that this appeal is equitably moot.[4] Given that Pillsbury has waived the Breach Ruling in the Breach Order and any damages as a result thereof, reviewing the Breach Order is "impractical, imprudent and inequitable." The purpose of appellate review would have been to determine whether the Breach Ruling was appropriate, and to affirm or reverse. Such review is no longer practical because the Breach Ruling is waived. As such, assuming the Court does not find the Second Appeal Constitutionally moot, the Court should find the Second Appeal equitably moot.

---

[4] Pillsbury's waiver of the Plan Committee's breach and damages is akin to settlement of any dispute between Pillsbury and the Plan Committee over whether the Plan Committee breached the Settlement Agreement. "Generally a settlement of a dispute between two parties renders moot any case between them growing out of that dispute." See ITT Ryonier, Inc. v. U.S., 651 F.2d 343 (5th Cir. 1981).

Wherefore, for the foregoing reasons, the Court should dismiss this appeal as moot.

Dated: June 6, 2008 						Respectfully Submitted,

/s/ Patrick Potter
Patrick Potter (426514)
Jerry Hall (976461)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, DC 20037
(202) 663-8000
Counsel to Pillsbury

5

```
The order below is hereby signed.

  Signed: February 26, 2008.
```



```
                          _____
                          S. Martin Teel, Jr.
                          United States Bankruptcy Judge
```

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: The Greater Southeast Community Hospital Foundation, Inc., et al. (Members Of the Greater Southeast Healthcare System), | ) ) ) ) ) | Case No. 99-01159 (Chapter 11) Jointly Administered |
| Debtors. | ) ) ) | |
| Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, as Former Plan Agent, Movants. | ) ) ) ) | Contested Matter |
| vs. | ) ) ) | |
| The Plan Committee, Respondent. | ) ) | |

### ORDER ON MOTION FOR DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201 AND TO ENFORCE SETTLEMENT AGREEMENT

This matter came before the Court on the Motion Pillsbury[1] for Declaratory Relief Pursuant to 28 U.S.C. § 2201 and to Enforce Settlement Agreement (the "Motion"). Having reviewed the record in the case, including the Motion and other pleadings filed in response

---

[1] For convenience "**Pillsbury**" collectively refers to Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, solely in his capacity as former Plan Agent.

thereto, the arguments of counsel for: (i) Advantage Healthplan Inc. and Elliot Wolff, (ii)Welcome Home, Inc. and (iii) Movants, and for the reasons stated on the record, the Court hereby **FINDS** that an actual disputes exist as to (a) whether the Committee is obligated to defend the Appeal (as defined in the Motion); and (b) whether the Committee has breached (and continues to breach) the Settlement Agreement by failing to defend the Appeal;[2]; and the Court **FINDS** that (x) the Committee is obligated to defend the Appeal[3]; and (y) the Committee has breached (and continues to breach) the Settlement Agreement by failing to defend the Appeal; and ACCORDINGLY,

    IT SHALL BE AND HEREBY IS

    ORDERED, that the Motion shall be and hereby is granted as set forth herein; and it is further

    ORDERED, the each of the arguments of Advantage and Wolff are overruled; specifically,

    (i)    Advantage and Wolff object that the Court lacks jurisdiction to hear and decide the Motion. Such objection is overruled. Advantage and Wolff concede that the Settlement Agreement has not been stayed and that this Court has jurisdiction to enforce the Settlement Agreement in the absence of a stay. This Court has jurisdiction to declare the rights and legal relations of the parties pursuant to the unstayed Settlement Agreement. Pillsbury is not seeking a

---

[2]    Pillsbury orally modified their request for a finding and declaration regarding whether Pillsbury is entitled to recover its fees and expenses if Pillsbury defends the Appeal, and upon such modification, the Court declines to either make a finding or a ruling, all parties' rights regarding such matter being reserved.

[3]    Advantage and Wolff acknowledged and agreed at the February 15, 2008 hearing that Welcome Home, on behalf of the Plan Committee may retain counsel of its choosing (except Shulman Rogers Gandal Pordy & Ecker, PA) for any and all purposes, including defense of the appeal. Such agreement is (or will be) further evidenced in a separate order of this Court.

2

modification of the Settlement Agreement or the order on appeal, and no such modification is hereby ordered.

  (ii)  Advantage and Wolff object that the Motion should have been brought as an adversary proceeding. Such objection is overruled. Rule 7001 sets forth the matters which must be filed as adversary proceedings. The Motion seeks a declaration of the rights and legal relations of the parties. A declaratory judgment may be brought by motion unless the declaration relates to a proceeding identified in Rule 7001, which the Motion does not. Advantage and Wolff argue that the Motion is to recover money or property, but it is not. Rather, like a motion to interpret a confirmed plan, which could lead to someone being owed money, the Motion seeks only a declaration regarding whether the Plan Committee is in breach of the unstayed Settlement Agreement to the extent it fails to defend the appeal.

  (iii)  Advantage and Wolff object that the disputes identified in the Motion are not ripe. Such objection is overruled. An actual controversy exists as set forth in the Motion. Paragraph 14 of the Settlement Agreement requires that the Plan Committee take such action as is necessary to consummate the Settlement Agreement. This Court has found that defense of the appeal is an action necessary for the consummation of the Settlement Agreement. This Court has further found that the Plan Committee is currently in breach of the Settlement Agreement because of its failure to defend the appeal of the Settlement Agreement. The parties are entitled to know now that the failure to take such action is a breach of the Settlement Agreement.

  (iv)  Advantage and Wolff object that the Settlement Agreement may be set aside and that the Motion may be moot. Such objection is overruled. As noted above, and as Advantage and Wolff concede, the Settlement Agreement is unstayed. Thus, the Settlement Agreement is enforceable.

ORDERED, that this Order shall be without further effect in the event the Settlement Agreement is set aside by a final, nonappealable order.

IT IS SO ORDERED.

cc:    Patrick Potter
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, D.C. 20037

Janet M. Nesse
Stinson Morris & Hecker LLP
18th Street, N.W.
Suite
Washington, D.C. 20036

Bruce Goldman
Nelson C. Cohen
Zuckerman Spaeder LLP
1800 M Street, N.W.
Suite 1000
Washington, D.C. 20036



Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW | Washington, DC 20037-1122 | tel 202.663.8000 | fax 202.663.8007

**Patrick J. Potter**
202.663.8928
patrick.potter@pillsburylaw.com

May 30, 2008

**By Facsimile and PDF**
Janet M. Nesse, Esq.
Stinson Morrison Hecker LLP
1150 18th Street, N.W., Suite 800
Washington, D.C. 20036

    Re:    **Advantage Health Plan v. Pillsbury, No. 08-718-CKK**

Dear Ms. Nesse:

    As you know, the above-referenced appeal arises from the request of Pillsbury and Potter (together "Pillsbury"), made to the bankruptcy court, to find that as of February 16, 2008, the Committee was in breach of the settlement agreement by failing to file a designation of record and statement of issues on appeal in connection with your first appeal in case number 08-166 (the "Breach"). The bankruptcy court entered an order finding that the Committee was so in breach (the "Order"). The sole subject of the appeal in case number 08-718 (the "Second Appeal") is the Order.

    We have reviewed the appellate brief recently filed in the Second Appeal and believe, among other things, that the arguments made therein will not prevail. Nevertheless, and for reasons wholly unrelated to those arguments, Pillsbury hereby unconditionally agrees that (1) Pillsbury will not pursue any damages from the Committee or anyone else that resulted from the judicially-determined Breach, and (2) Pillsbury will treat the settlement agreement as though said Breach has not occurred. Pillsbury and the Committee each retain all rights as to any other breaches of the settlement agreement. As of today, however, there has been no judicial determination as to any such other breaches of the settlement agreement.

    In light of the foregoing, the Second Appeal, seeking to vacate the Order, is completely moot. In fact, in your opening brief, you state that "A party seeking to argue that the case has not become moot must show that it has suffered an actual injury capable of being redressed by a favorable judicial decision." Assuming arguendo your client (rather than the Committee) suffered an injury based on Judge Teel's Breach finding in the Order, our unconditional waiver

701094740v1

Janet M. Nesse
May 30, 2008
Page 2

of the Breach and any damages arising therefrom makes "redress by a favorable decision" (i.e., reversal) impossible. As such, we urge that you consent to the immediate dismissal of the Second Appeal.

Please advise me by Wednesday, June 4, 2008, as to whether you will consent to such dismissal. Otherwise we will file a motion seeking dismissal based on mootness and appropriately advise the Court of our efforts to obtain a consensual dismissal in order to avoid unnecessarily wasting judicial and party resources.

Very truly yours,

Patrick J. Potter

cc:   Stephen Leach, Esq.
      Lawrence Block, Esq.

701094740v1