UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADVANTAGE HEALTHPLAN INC. and ELLIOT R. WOLFF, ) ) ) | ) ) Civil Action No. 08-0718-CKK |
| Appellants, ) | (Appeal) |
| v. ) | Bankruptcy No. 99-1159 |
| PILLSBURY WINTHROP SHAW PITTMAN, LLP) et al., ) | (Chapter 11) |
| Appellees. ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO APPELLEES' MOTION TO STAY FURTHER BRIEFING**

Appellants Advantage Healthplan, Inc. ("Advantage") and Elliot R. Wolff, by counsel, Stinson Morrison Hecker LLP, hereby submit their Opposition to Appellees' Motion to Stay Further Briefing, as follows:

**PROCEDURAL POSTURE**

1.  This appeal is from an order of the United States Bankruptcy Court for the District of Columbia, granting a Motion for Declaratory Relief Pursuant to 28 U.S.C. § 2001 ("Declaratory Judgment Motion"), which was filed by Appellees on January 31, 2008, while a related Bankruptcy Court order was already on appeal to this Court ("First Appeal").

2.  The Bankruptcy Court granted the Declaratory Judgment Motion on February 26, 2008 and an appeal was entered on this Court's docket on April 25, 2008 ("this Appeal").

3.  Pursuant to Fed. R. Bankr. P. 8009, Appellants' Brief was due on May 10, 2008 and Appellees' Briefs were due 15 days later on May 25, 2008.

4.      On May 5, 2008, Appellants filed a Motion to Extend Deadline to File Briefs ("Motion to Extend Deadline"), in which Appellants asked the Court to extend the deadline for the filing of Appellants' Brief for two weeks, to May 23, 2008 and to extend the time for Appellees to file their briefs until June 20, 2008.[1]  Appellants filed the Motion to Extend Deadline because their Reply Brief in the First Appeal was due on May 8, 2008, making it virtually impossible for counsel to also file their brief in this Appeal on May 10, 2008.  A list of key dates is attached hereto as Exhibit B.

5.      In the Motion to Extend Deadline, Appellants noted that Appellees had consented to the entry of the proposed order submitted with the Motion to Extend.  Appellees did not file an opposition to the Motion to Extend Deadline.

6.      On May 23, 2008, Appellants filed their brief in this Appeal in accordance with the terms of the Motion to Extend.[2]

7.      On June 6, 2008, Appellees filed both a Motion to Dismiss Appeal as Moot and the Motion to Stay Further Briefing, to which this Memorandum is addressed.  Appellants are filing a separate Memorandum of Points and Authorities in Opposition to Appellees' Motion to Dismiss Appeal as Moot, which is incorporated herein.

## ARGUMENT

In support of their Motion to Stay Further Briefing ("Motion to Stay"), Appellees contend that "[t]here is a high likelihood that the Court will grant the motion to dismiss." (Motion to Stay, p. 2).  Appellees offer no authority for the proposition that a party's confidence in the merits of its position is grounds for suspension of the briefing schedule established by the Court and the Federal Rules.  In fact, Appellees cite no authority for granting the requested relief.  Moreover, it

---

[1] In the original draft of the Motion to Extend Deadline, Appellants requested a generous 22 days for Appellees to respond, but Appellees asked for an additional week.  *See* email from Patrick Potter, attached as Exhibit A.

appears that the filing of the Motion to Dismiss was timed to create more work for Appellants, while laying the foundation for the Motion to Stay.

This is not the first time that Appellees have employed this tactic. In the First Appeal, Appellants' Brief was due on March 13, 2006 and Appellees' Brief was due on April 17, 2008. In the course of three weeks, Appellees filed a Motion for Declaratory Judgment in the Bankruptcy Court (January 31, 2008), a Motion for Summary Affirmance (February 7, 2008), a Motion to Strike Elliot Wolff as Improper Party (February 19, 2008), and a Motion to Suspend Briefing Obligations Pending Resolution of (I) Motion to Strike Elliot Wolff as an Improper Party and (II) Motion for Summary Affirmance.[3] Appellants, therefore, were forced to compose oppositions to four motions while briefing the issues on appeal. Notably, the Motion to Suspend Briefing was filed just two days before the due date for Appellant's Brief. At that point, Appellants had substantially completed their brief so that any "suspension" of briefing could only have benefited Appellees.

In this Appeal, the lopsided nature of any benefit is even more obvious because Appellants had already filed their brief when the Motion to Dismiss Appeal and the Motion to Stay further briefing were filed. Therefore, the requested stay of briefing will only benefit Appellees. Appellants meanwhile, are now forced to respond to both the Motion to Dismiss and the Motion to Stay.

The Seventh Circuit Court of Appeals has noted that "[f]iling motions in lieu of briefs, a form of self-help extension, has become increasingly common." *Ramos v. Ashcroft*, 371 F.3d 948, 949 (7th Cir. 2004) (respondent's filing of motion to transfer venue did not warrant extension of time to file brief). Nonetheless, the procedure is frowned upon. "If events justify a last

---

[2] The Court's Docket does not indicate that the Court ever ruled on the Motion to Extend Deadline.
[3] No legal authorities were cited in that Motion either.

minute motion concerning jurisdiction, venue, sanctions, or any other subject, then that motion may *accompany* the brief; a motion is not a substitute for a brief. *Id.*, at 950 (italics in original).

The procedure employed by Appellees, both here and in the First Appeal is prejudicial to Appellants.  Appellees are attempting to circumvent the briefing process while constantly generating more pleadings to which Appellants must respond.  The financial detriment to Appellant of being forced to respond to numerous motions during the briefing process is obvious and the wisdom of requiring Appellees to confine all arguments to their appellate briefs is even more clear.

WHEREFORE, Appellants respectfully request that this Court enter an Order:

a.	Denying Appellees' Motion to Stay Further Proceedings;

b.	Requiring that Appellees submit their brief no later than June 20, 2008, as previously agreed to by the parties; and

c.	Granting such other relief as is just and proper.


June 16, 2008                                                   Respectfully submitted,

/s/ Janet M. Nesse
Janet M. Nesse  Bar No. 358514
Lawrence P. Block  Bar No. 452190
Stinson Morrison Hecker LLP
1150 18th St., NW, Suite 800
Washington, DC 20036
Telephone: (202) 785-9100
Fax:  (202) 785-9163

*Counsel for Appellants*

Exhibit A

# Dugan, Deena

| | |
|---|---|
| **From:** | Potter, Patrick J. [patrick.potter@pillsburylaw.com] |
| **Sent:** | Friday, May 02, 2008 2:57 PM |
| **To:** | sleach@ltblaw.com; Dugan, Deena; Hall, Jerry L.; Block, Lawrence; Nesse, Janet |
| **Subject:** | GSE #2 Appeal |
| **Attachments:** | 433274_1.DOC; 433313_1.DOC |

433274_1.DOC (58 KB)   433313_1.DOC (47 KB)

By my count appellant gets 28 days from docketing to filing. Accordingly, appellees receive the same amount of time, which is June 20th. With these changes, you may file, subject to Steve's comments.

-----Original Message-----
From: sleach@ltblaw.com [mailto:sleach@ltblaw.com]
Sent: Friday, May 02, 2008 2:28 PM
To: Dugan, Deena
Cc: Potter, Patrick J.
Subject: Re: 433313_1.DOC

I am at a conference today. I will look at this tonight.
Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "Dugan, Deena" <DDugan@stinson.com>

Date: Fri, 2 May 2008 12:09:59
To:<sleach@ltblaw.com>
Subject: FW: 433313_1.DOC




Attached is the  proposed order.



----------------
 From: Nesse, Janet
Sent: Friday, May 02, 2008 12:57 PM
To: 'Potter, Patrick J.'
Cc: Dugan, Deena
Subject: 433313_1.DOC



enclosed is a draft order regarding extension

 This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

=============================================================
*
Internal Revenue Service regulations generally provide that, for the purpose of avoiding federal tax penalties, a taxpayer may rely only on formal written advice meeting specific requirements. Any tax advice in this message does not meet those requirements.

Accordingly, any such tax advice was not intended or written to be used, and it cannot be used, for the purpose of avoiding federal tax penalties that may be imposed on you or for the purpose of promoting, marketing or recommending to another party any tax-related matters.
================================================================

2

Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ADVANTAGE HEALTHPLAN INC. and ELLIOT R. WOLFF, | ) ) ) ) | |
| Appellants, | ) ) | Civil Action No. 08-0718-CKK (Appeal) |
| v. | ) ) ) | Bankruptcy No. 99-1159 (Chapter 11) |
| PILLSBURY WINTHROP SHAW PITTMAN, LLP et al., | ) ) ) | |
| Appellees. | ) ) ) | |

## KEY DATES

Regular typeface = First Appeal dates
**Bold typeface = Second Appeal dates**
ALL CAPS = Filing by Appellees requiring response

| | |
|---|---|
| 1/28/2008 | Notice of First Appeal received by District Court. |
| **1/31/2008** | **MOTION FOR DECLARATORY JUDGMENT FILED BY APPELLEES.** |
| 2/5/2008 | Consent Motion for Extension of Time filed (First Appeal Briefs). |
| 2/6/2008 | Consent Motion for Extension of Time granted. (First Appeal Briefs - Appellant's brief due 3/13/2008, Appellees' brief due 4/17/2008). |
| 2/7/2008 | MOTION FOR SUMMARY AFFIRMANCE FILED BY APPELLEES |
| 2/12/2008 | Original Date for Filing Appellants' Brief. |
| **2/12/2008** | **Appellants' Objection to Motion for Declaratory Judgment filed.** |
| **2/15/2008** | **Hearing on Motion for Declaratory Judgment.** |
| 2/19/2008 | Appellants' Opposition to Motion for Summary Affirmance filed. |
| 2/21/2008 | Appellees' Reply to Opposition to Motion for Summary Affirmance filed. |

| | |
|---|---|
| 2/21/2008 | MOTION TO STRIKE ELLIOT WOLFF AS IMPROPER PARTY FILED BY APPELLEES |
| 2/26/2008 | Plan Committee Joins Motion to Strike & Motion for Summary Affirmance. |
| 2/26/2008 | Order granting Motion for Declaratory Judgment entered by Bankruptcy Court. |
| 2/27/2008 | Original date for filing Appellees' Brief. |
| 3/3/2008 | Appellants' Opposition to Motion to Strike Elliot Wolff filed. |
| 3/10/2008 | Appellees' Reply to Opposition to Motion to Strike filed. |
| 3/11/2008 | MOTION TO SUSPEND BRIEFING FILED BY APPELLEES |
| 3/13/2008 | Appellants' Brief filed |
| 3/18/2008 | Appellants file Opposition to Motion To Suspend Briefing. |
| 3/18/2008 | Appellees file Reply to Opposition to Motion for Summary Affirmance |
| 4/17/2008 | APPELLEES' BRIEF FILED. |
| 4/23/2008 | Appellants file Motion for Extension of Time to File Reply Brief. |
| **4/25/2008** | **Notice of Second Appeal Docketed in District Court.** |
| 5/5/2008 | Appellants' Motion for Extension of Time to File Reply Brief. |
| 5/8/2008 | Appellants file Reply Brief. |
| **5/10/2008** | **Original Date for filing Appellants' Brief** |
| **5/23/2008** | **Appellants' Brief filed.** |
| **5/25/2008** | **Original Date for filing Appellees' Brief.** |
| **6/6/2008** | **MOTION TO DISMISS APPEAL FILED BY APPELLEES** |
| **6/6/2008** | **MOTION TO STAY FURTHER BRIEFING FILED BY APPELLEES** |
| **6/16/2008** | **Appellants file Opposition to Motion to Dismiss Appeal and Opposition to Motion to Stay Briefing.** |
| **6/20/2008** | **Appellees' Brief due.** |