UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADVANTAGE HEALTHPLAN INC. and ELLIOT R. WOLFF, )<br><br>Appellants, )<br><br>v. )<br><br>PILLSBURY WINTHROP SHAW PITTMAN, LLP ) et al., )<br><br>Appellees. ) | Civil Action No. 08-0718-CKK (Appeal)<br><br>Bankruptcy No. 99-1159 (Chapter 11) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO APPELLEES' MOTION TO DISMISS APPEAL AS MOOT**

Appellants Advantage Healthplan, Inc. ("Advantage") and Elliot R. Wolff, by counsel, Stinson Morrison Hecker LLP, hereby submit their Opposition to Appellees' Motion to Stay Appeal as Moot, as follows:

**PROCEDURAL POSTURE**

1. This appeal is from an order of the United States Bankruptcy Court for the District of Columbia ("Bankruptcy Court"), granting a Motion for Declaratory Relief Pursuant to 28 U.S.C. § 2201 and to Enforce Settlement Agreement ("Declaratory Judgment Motion"), which was filed by Appellees on January 31, 2008, while a related Bankruptcy Court order was already on appeal to this Court ("First Appeal").

2. In the Declaratory Judgment Motion, Appellees asked the Court to find that the Plan Committee had breached a purported Settlement Agreement between the parties.

Appellants have continuously argued that there was no Settlement Agreement and the Bankruptcy Court's approval of that "agreement" is the subject of the First Appeal.

3. The Bankruptcy Court granted the Declaratory Judgment Motion on February 26, 2008. In its Order ("Declaratory Judgment Order"), the Bankruptcy Court found that the Plan Committee had breached the Settlement Agreement by failing to defend the First Appeal. The Bankruptcy Court also overruled Appellants' arguments that the Bankruptcy Court lacked jurisdiction to hear the Declaratory Judgment Motion; that the Declaratory Judgment Motion should have been brought as an adversary proceeding rather than as a contested matter; that the dispute was not ripe for review; and that the Declaratory Judgment Motion could become moot upon a decision resolving the First Appeal.

4. An appeal from the Declaratory Judgment Order was entered on this Court's docket on April 25, 2008 ("this Appeal").

5. Pursuant to Fed. R. Bankr. P. 8009, Appellants' Brief was due on May 10, 2008 and Appellees' Briefs were due 15 days later on May 25, 2008.

6. On May 5, 2008, Appellants filed a Motion to Extend Deadline to File Briefs ("Motion to Extend Deadline"), in which Appellants asked the Court to extend the deadline for the filing of Appellants' Brief for two weeks, to May 23, 2008 and to extend the time for Appellees to file their briefs until June 20, 2008.[1] Appellants filed the Motion to Extend because their Reply Brief in the First Appeal was due on May 8, 2008, making it virtually impossible for counsel to file a brief in this Appeal on May 10, 2008.

7. As noted in the Motion to Extend Deadline, Appellees had consented to entry of the order submitted with the Motion to Extend Deadline.

---

[1] In the original draft of the Motion to Extend Deadline, Appellants requested a generous 22 days for Appellees to respond, but Appellees asked for an additional week. *See* email from Patrick Potter, attached as Exhibit A.

8.      On May 23, 2008, Appellants filed their brief in this Appeal in accordance with the terms of the Motion to Extend.[2]

9.      In an unsolicited letter to counsel for Appellants, dated May 30, 2008, Appellees "unconditionally" agreed not to pursue damages for the breach of the Settlement Agreement referenced in the Declaratory Judgment Order and also offered to act as though the Settlement Agreement had not been breached. Appellees did not offer to set aside the Bankruptcy Court's finding that the Settlement Agreement had been breached.

10.     On June 6, 2008, Appellees filed both this Motion to Dismiss Appeal as Moot ("Motion to Dismiss") and a Motion to Stay Further Briefing. This Memorandum is addressed to the Motion to Dismiss. Appellants are concurrently filling a separate Memorandum of Points and Authorities in Opposition to the Motion to Stay Further Briefing, which is incorporated herein.

## ARGUMENT

**A.      Appellees' "Unconditional Waiver" is Meaningless.**

In the Motion to Dismiss, Appellees claim that this Appeal is moot because they "unconditionally waived the Plan Committee's breaches and any damages related thereto." (Motion to Dismiss, p. 2). In fact, however, Appellees waived nothing.

The breach to which Appellees refer, was the asserted failure of the Plan Committee to defend the First Appeal. However, at the hearing on February 15, 2008, Appellants consented to the retention of counsel by the Plan Committee and to payment of such counsel. Subsequently, the Plan Committee, retained counsel and actively defended the First Appeal. Nonetheless, Appellees continued to participate in the First Appeal and filed their own brief in addition to the one filed by the Plan Committee. Because Appellees pursued the First Appeal even after the

---

[2] The Docket does not indicate that the Court ever ruled on the Motion to Extend Deadline.

Plan Committee began it do so, Appellees would be unable to recover any damages from the Plan Committee's initial failure to defend. Hence, the waiver of such damages is based on a fanciful premise.

**B.    This Appeal is Not Moot.**

Appellees' waiver of damages does not mean that this Appeal is now moot. The remaining issues, all addressed in both the Declaratory Judgment Order and Appellants' Brief, in this Appeal, include the following:(1) Whether the Bankruptcy Court was divested of jurisdiction to enter the Declaratory Judgment Order; (2) Whether the Bankruptcy Court erred by ruling on the Declaratory Judgment Motion even though the issues were not ripe for review; (3) Whether the Bankruptcy Court erred when it ruled that the Plan Committee had breached the Settlement Agreement; (4) Whether the Bankruptcy Court erred by ruling on issues that could become moot when the First Appeal is resolved; (5) Whether the Bankruptcy Court erred by allowing the Motion for Declaratory Judgment to proceed as a contested matter rather than as an adversary proceeding; and (6) Whether the Bankruptcy Court erred by exercising subject matter jurisdiction over this declaratory judgment proceeding. Appellees' waiver did not concern any of these issues so that none were rendered moot thereby.

**C.    Even if the Appeal Were Moot, Appellees Would Not Be Entitled to the Relief Requested.**

In the Motion to Dismiss, Appellees ask the Court to dismiss this Appeal. In doing so, Appellees are clearly attempting to manipulate both Appellants and this Court. First, Appellees filed the Declaratory Judgment Motion, when the case was already on appeal, thereby forcing Appellants to file a responsive pleading and argue the case at a hearing on February 15, 2008. Then, Appellants were forced to appeal the Declaratory Judgment Order so as to protect their

rights to argue that the purported Settlement Agreement was improperly approved. Now, having waited until Appellants filed their brief in the case, Appellees are saying "never mind."

Because of this inequitable conduct, Appellees are not entitled to the dismissal they seek. Instead, the Court should employ the equitable remedy of vacatur and vacate the Declaratory Judgment Order entered by the Bankruptcy Court. Where, as here, the party who lost below (Appellants) did not cause the case to become moot, that is, if happenstance or the actions of the prevailing party (Appellees' unilateral waiver) ended the controversy, vacatur remains the standard form of relief. *See N. Cal. Power Agency v. Nuclear Regulatory Comm'n*, 393 F.3d 223, 225 (D.C. Cir. 2004). In deciding whether to vacate the lower court's judgment or to dismiss the appeal, leaving the lower court's judgment intact, appellate courts examine the equities. *See FDIC v. Four Star Holding Co.*, 271 F.3d 75, 77 (2d Cir. 2001). Thus, a party's fault in causing mootness is the touchstone of the analysis. *See Id*.

In this case Appellees have engaged in gamesmanship throughout, continuously filing unnecessary motions, in order to increase the burden on Appellants, and then moving to dismiss at the most opportune time for themselves. Therefore, the Motion to Dismiss the Appeal should be denied and an order of vacatur should be entered.

WHEREFORE, Appellants respectfully request that this Court enter an Order:

a. Denying Appellees' Motion to Dismiss Appeal as Moot;

b. Entering an Order vacating the Bankruptcy Court's Order of February 26, 2008; or in the alternative,

c. Requiring that Appellees submit their brief no later than June 20, 2008, as previously agreed to by the parties; and

d. Granting such other relief as is just and proper.

June 16, 2008                                   Respectfully submitted,

/s/ Janet M. Nesse
Janet M. Nesse  Bar No. 358514
Lawrence P. Block  Bar No. 452190
Stinson Morrison Hecker LLP
1150 18th St., NW, Suite 800
Washington, DC 20036
Telephone: (202) 785-9100
Fax:  (202) 785-9163

*Counsel for Appellants*

Exhibit A

Case 1:08-cv-00718-CKK    Document 11-2    Filed 06/16/2008    Page 1 of 3

**Dugan, Deena**

| | |
|---|---|
| From: | Potter, Patrick J. [patrick.potter@pillsburylaw.com] |
| Sent: | Friday, May 02, 2008 2:57 PM |
| To: | sleach@ltblaw.com; Dugan, Deena; Hall, Jerry L.; Block, Lawrence; Nesse, Janet |
| Subject: | GSE #2 Appeal |
| Attachments: | 433274_1.DOC; 433313_1.DOC |

433274_1.DOC (58 KB)   433313_1.DOC (47 KB)

By my count appellant gets 28 days from docketing to filing. Accordingly, appellees receive the same amount of time, which is June 20th. With these changes, you may file, subject to Steve's comments.

-----Original Message-----
From: sleach@ltblaw.com [mailto:sleach@ltblaw.com]
Sent: Friday, May 02, 2008 2:28 PM
To: Dugan, Deena
Cc: Potter, Patrick J.
Subject: Re: 433313_1.DOC

I am at a conference today. I will look at this tonight.
Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "Dugan, Deena" <DDugan@stinson.com>

Date: Fri, 2 May 2008 12:09:59
To:<sleach@ltblaw.com>
Subject: FW: 433313_1.DOC




Attached is the  proposed order.



----------------
 From: Nesse, Janet
Sent: Friday, May 02, 2008 12:57 PM
To: 'Potter, Patrick J.'
Cc: Dugan, Deena
Subject: 433313_1.DOC



enclosed is a draft order regarding extension


This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

==============================================================
*
Internal Revenue Service regulations generally provide that, for the purpose of avoiding federal tax penalties, a taxpayer may rely only on formal written advice meeting specific requirements. Any tax advice in this message does not meet those requirements.

Accordingly, any such tax advice was not intended or written to be used, and it cannot be used, for the purpose of avoiding federal tax penalties that may be imposed on you or for the purpose of promoting, marketing or recommending to another party any tax-related matters.
================================================================