**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Advantage Healthplan Inc., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 08-0718-CKK |
| Pillsbury Winthrop Shaw Pittman LLP, ) | |
| and Patrick J. Potter, Solely in His ) | |
| Capacity as Former Plan Agent, ) | |
| ) | |
| Appellees. ) | |

## APPELLEES' REPLY REGARDING MOTION TO STAY BRIEFING

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, solely in his Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit this Reply to Appellant's Opposition to Motion to Stay Briefing ("Opposition"). (The Opposition is Document number 10 and the Motion is document number 9).

Advantage Healthplan, Inc. filed its Opposition requesting that Pillsbury be held to the current June 20, 2008 deadline for submitting a brief. Pillsbury has determined that it will gain nothing by participating in this appeal and defending an order, that while entirely correct in all respects when it was issued, has now become moot. (For further discussion, please see Pillsbury's Reply Regarding Motion to Dismiss Appeal as Moot.) Accordingly, Pillsbury advises the Court of its recent decision not to file an appellate brief in this case.[1] With respect to Pillsbury, the deadline is now irrelevant.

---

[1] Pillsbury is unaware of any legal requirement for it to file an appellate brief. The Court is aware that Pillsbury contends this appeal is now moot. Otherwise, the Court is aware that Pillsbury contends

Footnote continued on next page

However, the Court should be aware that Advantage, again, has misleadingly cited case law (a review of the briefing in the "First Appeal" reveals that Advantage has on more than one occasion misstated and/or misapplied the law (including the applicable standards of appellate review), and quoted around, by omitting, language in documents[2]). This time Advantage cites to Ramos v. Ashcroft, 371 F.3d 948 (7th Cir. 2004), where the court states,

> "Filing motions in lieu of briefs, a form of self-help extension, has become increasingly common but is not authorized by any rule, either national or local.  It is fine to file a motion to affirm, to dismiss for want of jurisdiction, to transfer to another circuit, and so on; the problem lies in the belief that any motion automatically defers the deadline for filing the brief.  A brief must be tendered when due.  If a party needs more time, a request for an extension must be filed in advance of the due date. ***If extra time has not been granted in advance, then the litigant must file its brief as scheduled***.  All too many motions this court has seen have the subtext:  "Oops! My brief is due today but is not ready.  It is too late to seek an extension, and I don't have a good reason for one anyway.  So I'll whip up a short motion. Whew!"  No go.  If events justify a last-minute motion concerning jurisdiction, venue, sanctions, or any other subject, then that motion may *accompany* the brief; a motion is not a substitute for a brief."

Id. at 949.  (emphasis added)  Advantage, however, cites only the first and last sentences, apparently missing the impact of Ramos on its own late-filed brief.  Setting that aside, the apparent reason for Advantage's intentional omission of most of the quoted paragraph is that the language in Ramos actually supports both the filing and timing of Pillsbury's motions.

---

Footnote continued from previous page

that this appeal has absolutely no merit.  Pillsbury has also apprised the Court (in Appeal #1) that it is attempting to conserve the resources of the parties and the Court.

[2]   For example, see footnote 15 on page 27 of Pillsbury's Appellate Brief in the First Appeal.  See also document 35 filed by the Plan Committee in the First Appeal ("Appellants' brief in reply to the brief of the Plan Committee accuses the Plan Committee of a series off false or blatantly misleading statements in the Plan Committee brief.").

Dated:  June 23, 2008                                     Respectfully Submitted,

/s/ Patrick Potter
Patrick Potter (426514)
Jerry Hall (976461)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, DC 20037
(202) 663-8000
Counsel to Pillsbury