**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| Advantage Healthplan Inc., | ) | |
| Appellant, | ) ) ) | |
| vs. | ) ) ) | Case No. 08-0718-CKK |
| Pillsbury Winthrop Shaw Pittman LLP, and Patrick J. Potter, Solely in His Capacity as Former Plan Agent, | ) ) ) ) | |
| Appellees. | ) ) | |

## APPELLEES' REPLY REGARDING MOTION TO DISMISS APPEAL AS MOOT

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, solely in his Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit this Reply to Appellant's Opposition to Motion to Dismiss Appeal as Moot ("Opposition"). (The Motion is at document number 8 and the Opposition is at document number 11.)

This appeal relates to a Motion for Declaratory Judgment ("DJ Motion") filed by Pillsbury seeking a determination that the Plan Committee breached the Settlement agreement between it and Pillsbury, and the bankruptcy court's order granting same ("DJ Order"). Recently, Pillsbury unconditionally waived that breach as well as any damages and moved to dismiss this appeal as moot. Advantage Healthplan, Inc., who is not even a party to the Settlement Agreement, has opposed, stating that vacature of the DJ Order is now an appropriate result.

Pillsbury maintains that the bankruptcy court committed no reversible error and that if the DJ Order is considered on the merits, the Court should affirm it. Pillsbury also maintains,

however, that the appeal is entirely moot, that the Court should find as such, and enter an appropriate order.

Much of Advantage's Opposition merely rails against Pillsbury for defending itself (in a case where it prevailed on all issues) and the decisions of the bankruptcy court. Pillsbury disagrees with, but will not respond to those comments. Moreover, after receipt of Advantage's Opposition, Pillsbury has decided that it will not file an appellate brief in this case.[1]

Pillsbury will clarify one matter, however. A primary purpose of the DJ Motion was to enable the Plan Committee to defend the First Appeal. In fact, after the bankruptcy court entered the DJ Order, the Plan Committee engaged counsel and actively defended the First Appeal. Having succeeded in assisting the Plan Committee in its defense of the First Appeal - - certainly a legitimate purpose of the DJ Motion - - Pillsbury has no desire to seek damages from the Plan Committee for its prior breaches (if Pillsbury even incurred any such damages). Accordingly, when the Plan Committee' counsel very recently brought its concerns about any such damages to Pillsbury's attention (no one had done so before), Pillsbury promptly unconditionally waived them.[2] This should have ended the matter, and still should.

---

[1]     Pillsbury is unaware of any legal requirement for it to file an appellate brief. The Court is aware that Pillsbury contends this appeal is now moot. Otherwise, the Court is aware that Pillsbury contends that this appeal has absolutely no merit. Pillsbury has also apprised the Court (in Appeal #1) that it is attempting to conserve the resources of the parties and the Court.

[2]     Judge Teel's finding of breach was against the Plan Committee, not Advantage (who still has not explained to this Court how it was harmed by the ruling). It is worth noting that the Committee, the party allegedly harmed by Judge Teel's ruling, (a) did not appeal it and (b) does not opposes Pillsbury's request for a determination that the appeal is moot.

2

Dated: June 23, 2008                    Respectfully Submitted,

/s/ Patrick Potter
Patrick Potter (426514)
Jerry Hall (976461)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, DC 20037
(202) 663-8000
Counsel to Pillsbury