**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| Advantage Healthplan Inc., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | Case No. 08-0718-CKK |
| Pillsbury Winthrop Shaw Pittman LLP, ) | |
| and Patrick J. Potter, Solely in His ) | |
| Capacity as Former Plan Agent, ) | |
| ) | |
| Appellees. ) | |
| _____) | |

**APPELLEES' NOTICE IN COMPLIANCE WITH THE**
**COURT'S JULY 31, 2008 MINUTE ORDER**

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, solely in his

Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit

this Notice in Compliance With the Court's July 31, 2008 Minute Order (the "Minute Order").

1.      The Minute Order states, in relevant part, that "on or before August 6, 2008, the

parties shall file further Notices with the Court indicating whether, as they view the issues

remaining in this appeal, those issues are fully briefed, or whether the Court requires additional

briefing to resolve them."

2.      It is Pillsbury's view that the arguments set forth in parts **C, D, E & F** of

Appellant's Appellate Brief were mooted by the Court's decision in Case Number 08-166.

Appellant acknowledges this in its Notice on July 28, 2008.  See Document 15 (excluding

arguments C-F from its list of issues needing resolution in this appeal).  No additional briefing

on these arguments is necessary or warranted.  An appropriate order denying and dismissing

such arguments should be entered.

3.      It is Pillsbury's view that, at least initially, the remaining issue is whether the remainder of this appeal (set forth in Appellant's Appellate Brief at parts **A & B**, *copy attached hereto*) should be dismissed as moot.  The mootness issue has been fully briefed by the parties and may be decided by the Court.

4.      In the event that the Court denies Pillsbury's motion to dismiss the remainder of this appeal as moot, it would appear that the Court would then need to rule on parts A & B of Appellant's Appellate Brief.  As previously indicated, Pillsbury decided against filing an appellate brief in response to these (as well as the now-mooted) portions of Appellant's Appellate Brief.  Pillsbury's position was (and remains) based on this appeal being moot, as well as the lack of merit in Appellant's arguments.  For example, with respect to its "A" argument, Appellant concedes that the bankruptcy court retained jurisdiction to "enforce, implement, and otherwise treat as valid" its order approving the subject settlement agreement (the "Settlement Agreement").  See Appellant's Brief at page 14.  In this case, the bankruptcy court limited it ruling to determining that the Plan Committee breached the Settlement Agreement.  Because this is nothing more than a step in the process of enforcing, implementing or otherwise treating as valid the Settlement Agreement, the Committee's argument that the bankruptcy court was deprived of jurisdiction (because of Appellant's notice of appeal in 08-166) fails.  None of its legal authorities are to the contrary.  The Committee's "B" argument, comprised of three sub-arguments, is equally flawed because (1) the first-sub argument is identical to the argument made in "A"; (2) Pillsbury's declaratory judgment action did not (and does not) seek to recover money (and therefore an adversary proceeding was not required under Bankruptcy Rule 7001); and (3) the bankruptcy court's finding that the Plan Committee's breach of the Settlement Agreement

(by then-failing to take steps to ensure final judicial approval of the same) was not clearly erroneous.

5.    To summarize Pillsbury's position, no additional briefing is required on any issues.  All but two of Appellant's arguments were effectively resolved by the Court's decision in 08-166.  As to the two remaining issues, the appeal is moot, with the mootness issue having been fully briefed.  In the event that Pillsbury's motion to dismiss for mootness is denied, the Court should affirm on the merits without additional briefing.


Dated:  July 6, 2008                                Respectfully Submitted,


                                                    /s/ Patrick Potter
                                                    Patrick Potter (426514)
                                                    Jerry Hall (976461)
                                                    Pillsbury Winthrop Shaw Pittman LLP
                                                    2300 N Street, NW
                                                    Washington, DC 20037
                                                    (202) 663-8000
                                                    Counsel to Pillsbury

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ADVANTAGE HEALTHPLAN INC. and ELLIOT R. WOLFF, | ) ) ) | |
| Appellants, | ) ) | Civil Action No. 08-0718-CKK (Appeal) |
| v. | ) ) ) | Bankruptcy No. 99-1159 (Chapter 11) |
| PILLSBURY WINTHROP SHAW PITTMAN, LLP et al., | ) ) ) | |
| Appellees. | ) ) ) | |

## APPELLANTS' BRIEF

Janet M. Nesse  Bar No. 358514
Lawrence P. Block  Bar No. 452190
Stinson Morrison Hecker LLP
1150 18th St., NW, Suite 800
Washington, DC 20036
Telephone: (202) 785-9100
Fax:  (202) 785-9163

*Counsel for Appellants*

## V.    ARGUMENT

**A.    The Bankruptcy Court was Divested of Jurisdiction by the Filing of the Notice of Appeal on December 31, 2007 and, Therefore, did not have Jurisdiction to Enter the February 16, 2008 Order.**

On December 31, 2007, Appellants filed a Notice of Appeal from two orders of the

Bankruptcy Court, entered on December 21, 2007. The first order struck the objection filed by

Advantage to the purported settlement agreement ("Purported Agreement") among the Plan

Committee, Potter and Pillsbury. The second order approved the Settlement. In Appellants'

Statement of Issues on [First] Appeal (BCD 3378), filed on January 10, 2008, Appellants asked,

*inter alia*: "Did the Bankruptcy Court err when it approved the settlement without adequate basis

in fact or law?"

On January 31, 2008, despite the pending appeal, and before the first brief had been filed,

Pillsbury filed the Declaratory Judgment Motion (BCD 3393), in which Pillsbury and Potter

(collectively, "Pillsbury" or "Appellees") sought a determination that the Plan Committee was

obligated under the Settlement Agreement to defend the [First] Appeal; that the Plan

Committee's failure to defend the Appeal constituted a breach of the Settlement Agreement; and

that the Plan Committee was obligated to pay Pillsbury's legal fees if Pillsbury defended the

appeal. (Declaratory Judgment Motion, p. 5). Essentially, the Declaratory Judgment Motion

asked the Bankruptcy Court to interpret the Settlement Agreement, the validity of which was

under appeal, and to "enforce" the same agreement by ruling that the Plan Committee had

breached the agreement.

The general rule is that filing of a good and sufficient notice of appeal immediately

transfers jurisdiction of all matters relating to the appeal from the lower court to the appellate

court. *See In re Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th

Cir. 1991). The rule applies equally to an appeal from a bankruptcy court decision as to an

appeal from a district court decision. *Kates v. Fox, Rothschild, O'Brien & Frankel (In re*

*Mazzacone)*, 1995 U.S. Dist. LEXIS 3218, at *11(E.D.Pa.); *Cibro Petroleum Products, Inc. v.*

*City of Albany (In re Winimo Realty Corp.)*, 279 B.R. 99, 105 (S.D. N.Y. 2001). The rule is not

absolute, however. *In re Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188,

1190 (4th Cir. 1991) (notice of appeal does not deprive lower court of jurisdiction to issue orders

"in aid of appeal"). Although a number of exceptions to the general rule have been recognized,

none of the exceptions apply in this case.

In the bankruptcy context, some general principles have emerged regarding the exact

boundaries of divestiture of jurisdiction by pending appeals. Courts have consistently held that a

bankruptcy court lacks jurisdiction to vacate or modify an order which is the subject of a pending

appeal. *Kates v. Fox, Rothschild, O'Brien & Frankel (In re Mazzacone)*, 1995 U.S. Dist. LEXIS

3218, at *11 (E.D. Pa.). Courts have also consistently held that if an issue is raised on appeal, a

bankruptcy court cannot reconsider that issue even in the context of another Order. *Id.* Although

most courts have also held that bankruptcy courts retain jurisdiction to enforce, implement, and

otherwise treat as valid judgments and orders that are the subject of pending appeals, as long as

that enforcement and implementation does not require redeciding issues that are on appeal. *Id.*

This distinction is especially important in the bankruptcy context, where there are often myriad

issues, many totally unrelated and unconnected with the issues involved in any given appeal.

*Kates v. Fox, Rothschild, O'Brien & Frankel (In re Mazzacone)*, 1995 U.S. Dist. LEXIS 3218, at

*13 (E.D. Pa.).

Courts have also recognized a distinction between actions that "enforce" or "implement"

an order, which are permissible and acts that "expand" or "alter" that order, which are prohibited.

14

*Cibro Petroleum Products, Inc. v. City of Albany, (In re Winimo Realty Corp.)* 279 B.R. 99, 105

(S.D.N.Y. 2001). Any actions that interfere with the appeal process or decide an issue identical

to the one appealed are beyond mere "enforcement" and are therefore impermissible. *Id.*

In addition, a trial court retains jurisdiction to act in three different circumstances: (1) when a

matter is not related to the issues involved in the appeal; (2) when the order appealed is not

appealable or the appeal is clearly frivolous; and (3) when a district court's action would aid in

the appeal. *Bryant v. Bryant*, 175 B.R. 9, 11(W.D. Va. 1994), citing 9 *Moore's Federal Practice*,

para. 203.11, pp. 3-45 to 3-55 (2d ed. 1992). Actions that "aid in the appeal" include the making

of clerical corrections in previous orders, *Collin County v. Siemens Bus. Services*, 2006 U.S.

Dist. LEXIS 55368 at *4 (E.D. Tex), and entry of written findings shortly after the notice of

appeal, *See e.g., Wilson v. Cain*, 1999 U.S. Dist. LEXIS 22662 at *31, n. 14 (E.D. La.).

Other courts have determined that there are four exceptions to the general rule: (1) a

district court retains jurisdiction to entertain a motion to stay a judgment or order being appealed;

(2) a district court retains jurisdiction over matters that are collateral to the appeal, such as the

merits of a case when the appeal concerns a preliminary injunction; (3) a district court retains

jurisdiction over matters that aid in the appeals process, such as the making of clerical

corrections in previous orders; (4) a district court retains jurisdiction to modify preliminary

injunctions or enforce the same through civil contempt proceedings. *See e.g., Collin County v.*

*Siemens Bus. Services*, 2006 U.S. Dist. LEXIS 55368, at * 4 (E.D. Tex.).

Finally, once an appeal is taken, a Bankruptcy Court can not modify the order or "offer

guidance." *See In re Maurice*, 179 B.R. 881, 883 (Bankr. N.D. Ill. 1995). In this case, the

Bankruptcy Court specifically held that its ruling would guide the litigants:

> "By obtaining that declaration [that a failure to defend the appeal would constitute
> a breach of the settlement agreement], the issues are clarified, making it clear that

> a breach will exist for failure to defend the appeal, and that should help guide the
> decision of the Plan Committee as to whether it decides to defend the appeal or
> not.  Presumably the declaration that it is obligated under the settlement
> agreement to defend the appeal would encourage it to do so."

February 15, 2008 transcript, pp. 26-27.  It is, therefore, clear that the Bankruptcy Court did far

more than "enforce" its December 21, 2007 Order.

The rationale for the rule divesting lower courts of jurisdiction upon appeal is

illuminating.  The divestiture rule is founded on concerns of efficiency and the desire to protect

the integrity of the appellate process.  Its purpose is to avoid confusion or waste of time from

having the same issues before two courts at the same time.  *Cibro Petroleum Products, Inc. v.*

*City of Albany, (In re Winimo Realty Corp.)* 279 B.R. 99, 105 (S.D. N.Y. 2001).  In this case,

the assertion of jurisdiction by the Bankruptcy Court while the case was on appeal meant that the

parties were simultaneously arguing about the interpretation and terms of the purported

Settlement Agreement in the Bankruptcy Court while preparing appellate briefs on the validity of

the Order approving that  Agreement.  In the event that this Court rules that the Settlement

Agreement was improperly approved, all of the resources expended by the Bankruptcy Court, the

parties and this Court to the Declaratory Judgment Motion and the subsequent appeal will have

been for naught.  If the Bankruptcy Court had recognized that it lacked jurisdiction over the

Declaratory Judgment Motion, the parties and this Court would not now be faced with two

virtually simultaneous appeals over the validity of a Settlement Agreement and the Order

approving that alleged Agreement.

The Supreme Court has explained that "[t]he filing of a notice of appeal is an event of

jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district

court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident*

*Consumer Discount Co.,* 459 U.S. 56, 58 (1982).  Because the Bankruptcy Court was, by the

16

filing of the December 21, 2007 Notice of Appeal, divested of jurisdiction over those aspects of

the case involved in the appeal, and because none of the recognized exceptions apply, the

Bankruptcy Court did not have jurisdiction to issue the February 26, 2008 Order, which dealt

with the same settlement agreement that was the subject of the First Appeal.

**B.      The Bankruptcy Court Erred When it Held that the Plan Committee had Breached the Settlement Agreement.**

In the February 26, 2008 Order, the Bankruptcy Court found that the Plan Committee was

"currently in breach of the Settlement Agreement because of its failure to defend the [First]

appeal of the Settlement Agreement." That finding was erroneous for a number of reasons.

First, the Bankruptcy Court was divested of jurisdiction by the filing of the Notice of

Appeal on December 31, 2007. Courts have consistently held that if an issue is raised on appeal,

a bankruptcy court cannot reconsider that issue even in the context of another order. *Kates v.*

*Fox, Rothschild, O'Brien & Frankel (In re Mazzacone),* 1995 U.S. Dist. LEXIS 3218, at *13

(E.D. Pa.). By ruling that the Plan Committee was in breach of the Settlement Agreement, the

Bankruptcy Court improperly "redecided" the very issue to be determined in the First Appeal --

whether there was a valid settlement agreement.

Second, the Bankruptcy Court erred because a breach of contract proceeding should have

been brought as an Adversary Proceeding rather than as a contested matter. *See In re Parker,*

Slip Copy, 2007 WL 1521068 *1 (Bankr. D.D.C., May 21, 2007) (adversary proceeding

commenced alleging breach of contract). If the Declaratory Judgment Motion had been brought

as an adversary proceeding, Appellants would have been afforded the procedural safeguards

associated with such a proceeding. *Matter of Beard,* 112 B.R. 951, 955 (Bnkr. N.D. Ind. 1990).

Because these procedural safeguards were not provided, the Declaratory Judgment Motion

should have been dismissed. *In re Viney,* 369 B.R. 392, 393 (Bankr. N.D. Ind. 2007) (citing

17

*Matter of Perkins,* 902 F.2d 1254, 1258 (7th Cir. 1990) for the proposition that "a motion

seeking relief which the rules require to be sought through an adversary proceeding should be

dismissed").

Third, the Bankruptcy Court erred by finding that the Settlement Agreement had been

breached solely based on the fact that the Plan Committee had not yet filed a Statement of Issues

on Appeal or Designation of the Record. However, to establish a breach of contract, a plaintiff

must demonstrate that "a contract existed, that plaintiffs performed their contractual obligations,

that defendants breached the contract and that plaintiffs suffered damages due to the breach."

*Belmar v. Garza (In re Belmar),* 319 B.R. 748, 759-760 (Bankr. D.C. 2004). Here, Pillsbury

never produced any evidence to support its claim and (because this was not an Adversary

Proceeding), Appellants were not given an opportunity to refute Pillsbury's position. In addition

to disputing the existence of a contract, Appellants and/or the Plan Committee could have argued

that any breach was justified by the resignation of its attorney, which was only approved by the

Bankruptcy Court on January 29, 2008, two days before Pillsbury filed the Declaratory Judgment

Motion. Finally, Pillsbury would have been hard pressed to prove damages inasmuch as it has

continued to defend the appeal even after the Plan Committee retained counsel. Notably, both

the Plan Committee and Pillsbury filed Briefs in the First Appeal, a duplication of effort caused

by Pillsbury to the detriment of all other parties. Where, as here, the Bankruptcy Court's factual

findings "are silent or ambiguous as to an outcome determinative factual question," the District

Court must remand the case to the Bankruptcy Court." *Williams v. Brown (In re Air Safety*

*International, L.C.),* 308 B.R. 90, 95 (S.D. Fla. 2003).

DB04/811703.0002/451853.1