# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Advantage Healthplan Inc., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 08-0718-CKK |
| Pillsbury Winthrop Shaw Pittman LLP, ) | |
| and Patrick J. Potter, Solely in His ) | |
| Capacity as Former Plan Agent, ) | |
| ) | |
| Appellees. ) | |

## APPELLEES' NOTICE IN COMPLIANCE WITH THE
## COURT'S JULY 31, 2008 MINUTE ORDER

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, solely in his Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit this Notice in Compliance With the Court's July 31, 2008 Minute Order (the "Minute Order").

1. The Minute Order states, in relevant part, that "on or before August 6, 2008, the parties shall file further Notices with the Court indicating whether, as they view the issues remaining in this appeal, those issues are fully briefed, or whether the Court requires additional briefing to resolve them."

2. It is Pillsbury's view that the arguments set forth in parts **C, D, E & F** of Appellant's Appellate Brief were mooted by the Court's decision in Case Number 08-166. Appellant acknowledges this in its Notice on July 28, 2008. See Document 15 (excluding arguments C-F from its list of issues needing resolution in this appeal). No additional briefing on these arguments is necessary or warranted. An appropriate order denying and dismissing such arguments should be entered.

3. It is Pillsbury's view that, at least initially, the remaining issue is whether the remainder of this appeal (set forth in Appellant's Appellate Brief at parts **A & B**, *copy attached hereto*) should be dismissed as moot. The mootness issue has been fully briefed by the parties and may be decided by the Court.

4. In the event that the Court denies Pillsbury's motion to dismiss the remainder of this appeal as moot, it would appear that the Court would then need to rule on parts A & B of Appellant's Appellate Brief. As previously indicated, Pillsbury decided against filing an appellate brief in response to these (as well as the now-mooted) portions of Appellant's Appellate Brief. Pillsbury's position was (and remains) based on this appeal being moot, as well as the lack of merit in Appellant's arguments. For example, with respect to its "A" argument, Appellant concedes that the bankruptcy court retained jurisdiction to "enforce, implement, and otherwise treat as valid" its order approving the subject settlement agreement (the "Settlement Agreement"). See Appellant's Brief at page 14. In this case, the bankruptcy court limited it ruling to determining that the Plan Committee breached the Settlement Agreement. Because this is nothing more than a step in the process of enforcing, implementing or otherwise treating as valid the Settlement Agreement, Appellant's argument that the bankruptcy court was deprived of jurisdiction (because of Appellant's notice of appeal in 08-166) fails. None of its legal authorities are to the contrary. Appellant's "B" argument, comprised of three sub-arguments, is equally flawed because (1) the first-sub argument is identical to the argument made in "A"; (2) Pillsbury's declaratory judgment action did not (and does not) seek to recover money (and therefore an adversary proceeding was not required under Bankruptcy Rule 7001); and (3) the bankruptcy court's finding that the Plan Committee's breach of the Settlement Agreement (by then-failing to take steps to ensure final judicial approval of the same) was not clearly erroneous.

5. To summarize Pillsbury's position, no additional briefing is required on any issues. All but two of Appellant's arguments were effectively resolved by the Court's decision in 08-166. As to the two remaining issues, the appeal is moot, with the mootness issue having been fully briefed. In the event that Pillsbury's motion to dismiss for mootness is denied, the Court should affirm on the merits without additional briefing.

Dated: July 6, 2008

Respectfully Submitted,

/s/ Patrick Potter
Patrick Potter (426514)
Jerry Hall (976461)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, DC 20037
(202) 663-8000
Counsel to Pillsbury

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Advantage Healthplan Inc., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 08-0718-CKK |
| Pillsbury Winthrop Shaw Pittman LLP, ) | |
| and Patrick J. Potter, Solely in His ) | |
| Capacity as Former Plan Agent, ) | |
| ) | |
| Appellees. ) | |

**APPELLEES' NOTICE IN COMPLIANCE WITH THE
COURT'S JULY 31, 2008 MINUTE ORDER**

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, solely in his Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit this Notice in Compliance With the Court's July 31, 2008 Minute Order (the "Minute Order").

1.      The Minute Order states, in relevant part, that "on or before August 6, 2008, the parties shall file further Notices with the Court indicating whether, as they view the issues remaining in this appeal, those issues are fully briefed, or whether the Court requires additional briefing to resolve them."

2.      It is Pillsbury's view that the arguments set forth in parts **C, D, E & F** of Appellant's Appellate Brief were mooted by the Court's decision in Case Number 08-166. Appellant acknowledges this in its Notice on July 28, 2008. See Document 15 (excluding arguments C-F from its list of issues needing resolution in this appeal). No additional briefing on these arguments is necessary or warranted. An appropriate order denying and dismissing such arguments should be entered.

3.      It is Pillsbury's view that, at least initially, the remaining issue is whether the remainder of this appeal (set forth in Appellant's Appellate Brief at parts **A & B**, *copy attached hereto*) should be dismissed as moot.  The mootness issue has been fully briefed by the parties and may be decided by the Court.

4.      In the event that the Court denies Pillsbury's motion to dismiss the remainder of this appeal as moot, it would appear that the Court would then need to rule on parts A & B of Appellant's Appellate Brief.  As previously indicated, Pillsbury decided against filing an appellate brief in response to these (as well as the now-mooted) portions of Appellant's Appellate Brief.  Pillsbury's position was (and remains) based on this appeal being moot, as well as the lack of merit in Appellant's arguments.  For example, with respect to its "A" argument, Appellant concedes that the bankruptcy court retained jurisdiction to "enforce, implement, and otherwise treat as valid" its order approving the subject settlement agreement (the "Settlement Agreement").  See Appellant's Brief at page 14.  In this case, the bankruptcy court limited it ruling to determining that the Plan Committee breached the Settlement Agreement.  Because this is nothing more than a step in the process of enforcing, implementing or otherwise treating as valid the Settlement Agreement, ~~the Committee~~Appellant's argument that the bankruptcy court was deprived of jurisdiction (because of Appellant's notice of appeal in 08-166) fails.  None of its legal authorities are to the contrary.  ~~The Committee~~Appellant's "B" argument, comprised of three sub-arguments, is equally flawed because (1) the first-sub argument is identical to the argument made in "A"; (2) Pillsbury's declaratory judgment action did not (and does not) seek to recover money (and therefore an adversary proceeding was not required under Bankruptcy Rule 7001); and (3) the bankruptcy court's finding that the Plan Committee's breach of the Settlement

Agreement (by then-failing to take steps to ensure final judicial approval of the same) was not clearly erroneous.

5.  To summarize Pillsbury's position, no additional briefing is required on any issues. All but two of Appellant's arguments were effectively resolved by the Court's decision in 08-166. As to the two remaining issues, the appeal is moot, with the mootness issue having been fully briefed. In the event that Pillsbury's motion to dismiss for mootness is denied, the Court should affirm on the merits without additional briefing.

Dated: July 6, 2008                              Respectfully Submitted,


                                                 /s/ Patrick Potter
                                                 Patrick Potter (426514)
                                                 Jerry Hall (976461)
                                                 Pillsbury Winthrop Shaw Pittman LLP
                                                 2300 N Street, NW
                                                 Washington, DC 20037
                                                 (202) 663-8000
                                                 Counsel to Pillsbury